1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES VARDKEZOVEC MARTIROSYAN,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, JR., et al.,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:09-CV-01198 OWW GSA HC

ORDER GRANTING MOTION TO TRANSFER AND TRANSFERRING PETITION TO SOUTHERN DISTRICT OF TEXAS

[Doc. #25]

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition in this Court on July 10, 2009. He contends he is being indefinitely detained in violation of his due process rights as determined in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 688 (2001). At the time he filed his petition, he was detained at the Kern County detention facility. Therefore, venue was proper in this district. <u>See</u> 28 U.S.C. § 1391(b). On September 24, 2009, ICE transferred Petitioner to the Houston Service Center. Respondent states the transfer was effected due to Petitioner's ongoing medical issues. The Houston facility has a Department of Health and Human Services Health Clinic which is able to provide services not available at the Kern County

1   facility.

2       On October 6, 2009, Respondent filed the instant motion to transfer the petition to the

3   Southern District of Texas. Respondent argues venue is now proper in the Southern District of

4   Texas, because that is where Petitioner is currently incarcerated. However, when a petitioner

5   properly brings a habeas action in a particular district, a transfer to a district in another state while

6   the petition is pending does not divest the court of jurisdiction. Ahrens v. Clark, 335 U.S. 188, 193

7   (1948), *overruled on other grounds*, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484

8   (1973). Personal jurisdiction is retained in the original district. Id. Nevertheless, a petition may be

9   transferred to a different district if doing so would be in the interest of justice. 28 U.S.C. § 1404(a)

10  ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

11  any civil action to any other district or division where it might have been brought"). In this case,

12  Petitioner is currently located at the Houston Service Center. Respondent states Petitioner is not

13  expected to be returned to Kern County. The ICE official now responsible for executing the order of

14  deportation is in Houston. Petitioner's Alien File is in Houston. Finally, Respondent states it is most

15  likely that Petitioner will depart from Houston. Accordingly, the Court finds that a transfer to the

16  Southern District of Texas would be most convenient for the parties and in the interest of justice.

17                                              **ORDER**

18      Accordingly, IT IS HEREBY ORDERED that Respondent's motion for transfer is

19  GRANTED and the petition is TRANSFERRED to the United States District Court for the Southern

20  District of Texas.

21

22  IT IS SO ORDERED.

23  **Dated:   November 19, 2009**              _____/s/ Oliver W. Wanger_____
                                                UNITED STATES DISTRICT JUDGE
24

25

26

27

28